UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
P.T.N.,

                        Plaintiff,

    - against -                                      COMPLAINT

NEW YORK CITY DEPARTMENT OF EDUCATION,
THE BOARD OF EDUCATION OF THE CITY SCHOOL      Civ. No. 25-cv-5582
DISTRICT OF THE CITY OF NEW YORK,
CHANCELLOR MELISSA AVILES-RAMOS, IN
HER OFFICIAL CAPACITY, AND THE CITY OF NEW YORK,

                        Defendants.
_____X

## PRELIMINARY STATEMENT

1. This is an action seeking attorney fees and costs under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400, et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims under the IDEA pursuant to 20 U.S.C. § 1415, 42 U.S.C. § 1988, and as an action raising a federal question under 28 U.S.C. § 1331.

3. Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) as it is the judicial district in which Defendants are situated and/or reside.

## PARTIES

4. J.T. is the mother and guardian of S.N. ,a former student with a disability.

5. During the 2019-2020 school year, S.N. was a student with a disability who was eligible for a Free Appropriate Public Education ("FAPE") under the IDEA.

6. S.N. was is a qualified individual with a disability who, during the 2019-2020 school year, was eligible for a FAPE under Section 504 and is protected from discrimination based upon her disability.

7. Upon information and belief, THE NEW YORK CITY DEPARTMENT OF EDUCATION ("Department" or "DOE") is a local educational agency ("LEA") as defined in the IDEA, and thus bears the responsibilities of an LEA under the IDEA and in the New York State Education Law.

8. Upon information and belief, the DOE is charged with the responsibility of developing policies with respect to the administration and operation of the public schools in the City of New York, including programs and services for students with disabilities. N.Y. Educ. Law § 2590-g.

9. Defendant, THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ("the Board of Education" or "the Board"), was or continues to be the official body charged with the responsibility of developing policies with respect to the administration and operation of the public schools in the City of New York.

10. Upon information and belief, Defendant, CHANCELLOR MELISSA AVILES-RAMOS ("the Chancellor"), is the Chancellor of the New York City School District and, as such, is entrusted with the specific powers and duties set forth in N.Y. Educ. Law § 2590-h.

11. THE CITY OF NEW YORK is a municipal corporation responsible for ensuring that payments are timely made and processed to families who are owed money under the IDEA as a result of impartial hearing orders.

12. All Defendants jointly and/or individually constitute the LEA under the IDEA and state law.

13. All Defendants jointly and/or individually are recipients of federal financial assistance.

14. When the "DOE" is referenced throughout, the term DOE refers individually to Defendants DOE, as well as collectively to Defendants.

## LEGAL FRAMEWORK

15. The IDEA guarantees that all eligible children with disabilities, ages three through twenty-one, must be offered a FAPE. 20 U.S.C. § 1412(a)(1).

16. A FAPE must meet each student's "unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d) (1) (A)-(B).

17. A FAPE must "include an appropriate . . . secondary school education in the State involved" and be provided in conformity with an IEP. *See* 20 U.S.C. §§ 1401(9), 1414(d)(2)(A); 8 N.Y.C.R.R. § 200.4(e)(1)(ii).

18. To be entitled to a FAPE, a child must have one or more of thirteen disabling conditions and, by reason of his/him disability, require "special education" and "related services." 34 C.F.R. § 300.8(a)(1).

19. Defendants are responsible for providing a FAPE to all eligible children in New York City and for promulgating policies and procedures in accordance with the IDEA.

20. Every child with the designated disability classifications is entitled to an Individualized Education Program, or "IEP" and the LEA (here, Defendants) must provide an IEP which must is individually tailored to each student and is meant to serve as a blueprint for each child's special education services. 20 U.S.C. § 1414(d).

21. By the beginning of each school year, City Defendants must have an IEP in place that offers a FAPE to each eligible child. 20 U.S.C. § 1414(d)(2).

22. Before an IEP can be developed, a child must be evaluated in accordance with detailed procedures outlined in federal and state law.

23. A child is reevaluated in accordance with the same standards at least once every three years, or more frequently if a parent or school district believes it is necessary.

24. Among other things, an IEP must be developed by a properly constituted IEP team that includes particular members, including the parent and a district representative who is knowledgeable about the services and able to commit district resources. 20 U.S.C. § 1414(d)(1)(B).

25. The IEP team must meet at least annually, and more frequently, if necessary, to modify a child's services and/or to address "[a] lack of expected progress toward the annual goals and in the general education curriculum." 20 U.S.C. § 1414(d)(4)(A)(ii)(I).

26. The IDEA broadly defines the categories of services that must be offered, which include, but are not limited to, special education, related services, supplementary aids and services, transition services, assistive technology ("AT"), and positive behavioral supports and services (collectively "Special Education Services").

27. For high-school age students, the IDEA also mandates that "transition services" be provided. Transition Services are a "coordinated set of activities" based on a child's needs and transition goals that are "designed to be within a results-oriented process, that is focused on improving the academic and functional achievement of a child with a disability to facilitate the child's movement from school to post-school activities, including post-secondary education, vocational education, integrated employment (including supported employment), continuing and adult education, adult services, independent living, or community participation." 20 U.S.C. § 1401(34); 34 C.F.R. §§ 300.43, 300.320(b)(1); 8 N.Y.C.R.R. § 200.4(d)(2)(ix).

28. The IDEA prescribes, in detail, the process for developing IEPs and their contents. 20 U.S.C. § 1414(d)(1)(A), (d)(2); 34 C.F.R. §§ 300.320(a)(2)-(3); 300.324; N.Y. Educ. Law § 4401, *et seq.;* and 8 N.Y.C.R.R.§ 200.4(d)(2)(iii)

29. For example, an IEP must contain the results of a child's most recent evaluations, as well as an accurate and consistent description of his/her strengths and present levels of academic achievement and functional performance (called "Present Levels of Performance" or "PLPs"). 20 U.S.C. § 1414(d)(1)(A).

30. An IEP must contain "a statement of the special education and related services and supplementary aids and services, based on peer-reviewed research to the extent practicable, to be provided to the child, or on behalf of the child, and a statement of the program modification or supports for school personnel that will be provided for the child." 20 U.S.C. ** 1414(d)(1)(A)(i)(IV).

31. Each IEP must also contain research-based instructional strategies unless they are not feasible, including positive behavioral interventions and supports for children whose behavior impedes their learning and/or that of others. 34 C.F.R. §§ 300.320(a)(4), 300.324(a)(2)(i); 8 N.Y.C.R.R. §§ 200.4(d)(2)(v)(b), 200.4(d)(3)(i).

32. An IEP team must also consider whether a student would benefit from assistive technology ("AT"). 34 C.F.R. §§ 300.5, 300.6, 300.105, 300.324(a)(2)(v).

33. The Defendants are obligated to make decisions about IEPs, services and placements based on student's individual needs, and not policies, procedures or availability of resources.

34. One of the IDEA's most well-known due process rights is the right to request an impartial hearing "with respect to any matter relating to the identification, evaluation, or educational placement of [a] child" or the provision of FAPE to a child. 20 U.S.C. § 1415(b)(6)(A).

35. Thereafter, a parent "shall have an opportunity for an impartial due process hearing, which shall be conducted by the State Educational Agency ("SEA")] or by the Local Education Agency ("LEA") as determined by State law or by the [SEA]." 20 U.S.C. § 1415(f)(1)(A).

36. The IDEA sets forth detailed requirements for hearing procedures. 20 U.S.C. §1415(f); 34 C.F.R. §§ 300.511-516.

37. In New York City, City Defendants are responsible for ensuring that impartial hearings comport with the IDEA's requirements.

38. A parent that prevails in a due process hearing is entitled to have the school district, here the Defendants, pay their reasonable attorney's fees. 20 U.S.C. § 1415(i)(3).

## FACTS

39. P.T.N. filed a Due Process Complaint ("DPC") which was designated as IH Case No. 183837, alleging that her child, S.N., was denied a free and appropriate public education ("FAPE") for the 2019-20 school year and sought pendency and tuition at the Cooke School.

40. In the Findings Of Fact and Decision, dated July 4, 2022 ("FOFD"), the IHO found that S.N. was denied a FAPE for the 2019-20 school years, and awarded tuition.

41. The Defendants failed to appeal the FOFD.

42. As the prevailing party in IH Case No. 183837, P.T.N is entitled to reasonable attorneys' fees for all work performed in connection with the impartial hearing and this Federal action as well.

## CAUSE OF ACTION

THE IDEA
ATTORNEY'S FEES AND COSTS WITH PREJUDGMENT INTEREST

43. Plaintiffs repeat and reallege the allegations of all the above paragraphs as if fully set forth herein.

44. As the prevailing party in IH Case Number 183837, Plaintiff is entitled to payment of reasonable legal fees for work performed in connection with the impartial hearings.

45. The fees and costs charged by Plaintiff's counsel at the hearings and for this action are consistent with market rates for the legal services performed, in light of counsels' experience and expertise and the complexity of the issues.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court:

   i. Assume jurisdiction over this action;

   ii. Award Plaintiff reasonable attorneys' fees and costs for IH Case No. 183837, with prejudgment interest;

   iii. Award Plaintiff attorneys' fees and costs incurred with respect to this action; and

   iv. Award such other, and further, relief as to the Court may deem just and proper.

Dated:      July 7, 2025
            New York, New York

                                                    THE LAW OFFICE OF ELISA HYMAN, P.C.

By: _____
      Elisa Hyman, Esq.
      1115 Broadway, 12th Floor
      New York, NY 10010
      Phone: (646) 572-9064
      elisahyman@gmail.com

      *Attorneys for Plaintiff*